ARROWHEAD REGIONAL CORRECTIONS BOARD, Respondent,

v.

The Honorable Robert S. GRAFF, Judge of Aitkin County Court, Appellant.

No. 51736.

Supreme Court of Minnesota.

July 2, 1982.

---

**54**

Warren Spannaus, Atty. Gen., and Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Alan L. Mitchell, County Atty., and Mary L. Peterson, Asst. County Atty., Duluth, for respondent.

Halverson, Watters, Bye, Downs & Maki, Don L. Bye and Jeanne M. Forneris, Duluth, for AFSCME Councils 3, 6, 65, 91, and 96 amicus curiae.

PER CURIAM.

Appellant, Judge of the Aitkin County Court, fired his probation officer by order pursuant to Minn.Stat. § 260.311, subd. 1(1) (1978), which provides for court appointment of probation officers "to serve during the pleasure of the court." Respondent, Arrowhead Regional Corrections Board, established by Aitkin and five other counties under Minn.Stat. § 401.01 et seq. (1978) (Community Corrections Act) and Minn. Stat. § 471.59 (1978) (Joint Powers Act), sought a declaratory judgment that appellant's order be declared void in violation of respondent's and its employees' contractual and statutory employment rights. The trial court, upon stipulated facts, found appellant's order invalid as "contrary to the employment agreement and collective bargaining agreement that exists between [the probation officer] and his employer Arrowhead Regional Corrections Board."

Affirmance of the trial court ruling is controlled by *General Drivers, Local # 346, for Itself and on Behalf of Dennis Murdock v. Aitkin County Board, et al.*, 320 N.W.2d 695 (Minn.1982). A county court's authority to discharge probation officers under section 260.311, subd. 1(1) is modified by Minn.Stat. § 179.63, subd. 4 (1980) and is subject to the employee's rights under the collective bargaining agreement negotiated pursuant to the Public Employees Labor Relations Act.

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.